IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JASON A. SCOTT, | § | |
| | § | |
| Defendant Below, | § | No. 521, 2025 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID Nos. 1405009992, |
| | § | 1405015798 (N) |
| Appellee. | § | |
| | § | |

Submitted: February 2, 2026
Decided: March 9, 2026

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## <u>ORDER</u>

Upon consideration of the appellant's opening brief, the State's motion to remand, and the record on appeal, it appears to the Court that:

(1) In November 2014, the appellant, Jason A. Scott, resolved two criminal cases by pleading guilty to attempted first-degree murder, possession of a firearm during the commission of a felony, second-degree conspiracy, and two counts of third-degree burglary. The Superior Court sentenced Scott to twenty-three years of Level V incarceration, suspended after twenty years for years six months of Level IV work release, followed by one year of Level III probation.

(2) In October 2025, Scott filed a motion for reduction of the Level IV work release to Level IV home confinement. The Superior Court dismissed the motion,

finding it untimely under Superior Court Criminal Rule 35 because it was filed more than ninety days after sentencing. This appeal followed. In his opening brief, Scott argues that the Superior Court erred in denying his motion as untimely because the ninety-day time bar applies to a motion for reduction of a sentence of imprisonment.

(3) The State did not file an answering brief, but instead filed a motion to remand. The State laudably concedes that Scott's motion was not time-barred because Rule 35(b) provides that the court may reduce the "term or conditions of partial confinement or probation, at any time."[1] The State also notes that Scott's motion was not repetitive. The State requests a remand of this matter so that the Superior Court can consider the merits of Scott's motion. Scott has not responded to the motion to remand.

(4) The Court agrees that Scott's motion was not time-barred, and that this matter should be remanded for the Superior Court to consider the merits of Scott's motion.

NOW, THEREFORE, IT IS ORDERED that the unopposed motion to remand is GRANTED. The matter is REMANDED to the Superior Court for further proceedings consistent with this Order. Jurisdiction is not retained.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice

---

[1] Super. Ct. Crim. R. 35(b).

2